IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ADT LLC ET SEQ, | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant ADT LLC[1] ("Defendant") submits *Defendant's Notice of Removal*, removing the above-captioned action from the 134th Judicial District, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support, Defendant shows the following:

### I.
### STATE COURT ACTION

Plaintiff Sonya L. Chapman ("Plaintiff" or "Chapman") filed *Plaintiff's Original Petition* against Defendant in the 134th Judicial District Court, Dallas County, Texas, Cause No. DC-23-03371 ("State Court Action") on March 14, 2023. Plaintiff later filed her operative pleading, *Plaintiff's Original Petition Amended* ("Petition") on March 23, 2023, in the State Court Action.

In her *Petition*, Plaintiff asserts a variety of claims against Defendant under state and federal law based on theories of employment discrimination. *See, e.g.*, Petition at 5-6 ¶¶ 19-24 (asserting claims against Defendant under Title VII of the Civil Rights Act of 1964 in connection with her *Charge of Discrimination*). Plaintiff demanded trial by jury in the State Court Action.

---

[1] Incorrectly named as "ADT LLC ET SEQ" in Plaintiff's *Petition*.

## II.
## TIMELINESS OF REMOVAL

ADT received service of *Plaintiff's Original Petition* on March 21, 2023, although this is not reflected on the docket sheet for the State Court Action. Accordingly, *Defendant's Notice of Removal* is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after the receipt by Defendant of the initial pleading setting forth the claim upon which removal is based.

## III.
## VENUE

Venue is proper in this Court under 28 U.S.C. §§ 1441(a), 1446(a), and 124(a)(1) because it is the federal judicial district and division embracing the court where the State Court Action was pending.

## IV.
## BASIS FOR REMOVAL

Removal is proper because Plaintiff's *Petition* on the basis of federal question and diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a), 1441(c). Specifically, Plaintiff's *Petition* asserts claims that arise under Title VII of the Civil Rights Act of 1964, as well as the United States Constitution. The Court has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. §1441(c).

Removal is proper under diversity of citizenship because there is complete diversity amongst the Parties and the amount in controversy exceeds $75,000. In her *Petition*, Plaintiff alleges that she is a Texas citizen and Defendant is organized under the laws of the State of Delaware with its principle place of business in Boca Raton, Florida. *Petition* at 1 ¶ 4. Of course, for purposes of diversity jurisdiction, the citizenship of a limited lability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant's sole member is The ADT Security Corporation, a Delaware corporation with its principle place of business in Florida. Accordingly, ADT LLC is a citizen of Delaware

and Florida. There is, therefore, complete diversity of citizenship amongst the Parties.

The amount in controversy requirement is satisfied by Plaintiff's affirmative pleading in her *Petition* that she "states that she seeks monetary relief in an amount in excess of $1,000,000.00." *Petition* at 2 ¶ 5. The Court is thus vested with jurisdiction over the entire State Court Action based on diversity of citizenship.

## V.
## SUPPORTING MATERIALS

Attached as Exhibit A to *Defendant's Notice of Removal* is an index of all documents that were filed in the State Court Action at the time of removal as required under LOCAL RULE 81.1 of the LOCAL RULES OF PRACTICE FOR THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, including: a copy of the docket sheet in the State Court Action; and a true and correct copy of each and every document filed in the State Court Action. Defendant has also separately filed a Certificate of Interested Persons pursuant to Local Rule 81.1.a.4.D.

## VI.
## NOTICE

As required under 28 U.S.C. § 1446(d), a copy of *Defendant's Notice of Removal* is being filed promptly with the Clerk of the 134th Judicial District Court in Dallas County, Texas. Written notice of filing of the notice of removal, together with a copy of *Defendant's Notice of Removal* itself, will also be served upon Plaintiff.

## VII.
## NOTICE OF RELATED CASE

Defendant notes to the Court that Plaintiff's *Petition* appears to mirror, if not largely track, the allegations made in the lawsuit she has already filed in this Court against Defendant, Civil Action No. 3:22-cv-02188-D-BN, which is awaiting Plaintiff's objections to the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* that her *Amended Complaint* be dismissed. *Report and Recommendation*, ECF No. 13 at 2. *See also Order*, ECF

No. 15 (granting Plaintiff's request for an extension to object to Magistrate Judge Horan's *Report and Recommendation* to May 9, 2023.

## VIII. RESPONSIVE PLEADING

By filing *Defendant's Notice of Removal*, Defendant does not waive any defenses that may be available, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted. In accordance with Fed. R. Civ. P. 81(c)(2), Defendant will serve its initial responsive pleading no later than seven days after filing of *Defendant's Notice of Removal* unless otherwise excused by the Court given that Plaintiff never received permission in the related case to serve her *Amended Complaint* on Defendant.

## IX. CONCLUSION AND PRAYER

Defendant respectfully requests that the Court retain jurisdiction over this matter and grant Defendant any further relief to which the Court finds it is justly entitled.

Respectfully Submitted,

 /s/ Brent Sedge
Stephen J. Roppolo
Texas Bar No. 00797939
Brent Sedge
Texas Bar No. 24082120
Fisher & Phillips LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
sroppolo@fisherphillips.com
bsedge@fisherphillips.com

**ATTORNEYS FOR DEFENDANT ADT LLC**

## CERTIFICATE OF SERVICE

      In accordance with FED. R. CIV. P. 5(b), I certify that I filed *Defendant's Notice of Removal* with the Clerk for the United States District Court for the Northern District of Texas on April 17, 2023, using the Court's Electronic Case Filing system. The Court's system will send a "Notice of Electronic Filing" to all counsel of record. I further certify that I served Defendant's Notice of Removal on April 17, 2023, ***via first-class mail*** on:

Sonya Chapman
1533 Honey Trl.
Glenn Heights, Texas  75154

**Plaintiff (Pro Se)**

                                                   */s/ Brent Sedge*
                                                 Brent Sedge

# EXHIBIT A