IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN,<br>  *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:23-cv-799-K-BN |
| ADT LLC ET SEQ,<br>  *Defendant.* | §<br>§<br>§ | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR COURT APPOINTED COUNSEL

Defendant ADT LLC[1] ("Defendant") respectfully submits that the Court should deny *Plaintiffs Motion for Court Appointed Counsel* ("Motion") submitted by Plaintiff Sonya L. Chapman ("Plaintiff"). In support, Defendant shows the following:

## I.
## RESPONSE

Plaintiff's *Motion* should be denied because the merits of claims against Defendant pleaded in her *Complaint* weigh against appointment of counsel. The "appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir.1982). While appointment is contemplated by the text of Title VII of the Civil Rights Act of 1964,[2] in reaching a decision "a court should consider '(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel.'" *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x. 329, 333 (5th Cir. 2013) (*quoting Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). As the movant, Plaintiff bears the burden of showing appointment of counsel is warranted. *See Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995) (*citing* 42 U.S.C. § 2000e-5).

Plaintiff has every right to retain her own counsel—but the Court has no obligation to direct

---

[1] Incorrectly named in Plaintiff's *Complaint* as "ADT LLC ET SEQ."
[2] 42 U.S.C. § 2000e-5(f)(1).

any attorney to represent her. Assuming for sake of argument that the factors concerning financial ability and efforts to retain counsel weigh in her favor,[3] the merits of Plaintiff's claims of discrimination nonetheless weighs against appointment of counsel. Here, the U.S. Equal Employment Opportunity Commission declined to proceed with its investigation of Plaintiff's allegations in her charge of discrimination and issued Plaintiff's right-to-sue letter. *See* Exhibit 1, *Determination and Notice of Rights*. While this fact would be insufficient to warrant denial of Plaintiff's *Motion* standing alone, the Fifth Circuit has observed that the EEOC's determination is a "'highly probative' insight into the likely merits of the claim for purposes of deciding whether to appoint counsel" given the agency's statutory charge to enforce Title VII. *See King v. Greene's Energy Group, LLC*, No. 2:15-CV-407, 2017 WL 749291, at *2 (S.D. Tex. Feb. 27, 2017) (*quoting Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.*, 556 F.2d 1305, 1309 (5th Cir. 1977)).

Besides looking to the EEOC's determination of her charge, this Court has noted that, when determining whether to appoint counsel, "[e]xamination of the merits of plaintiff's claim before receiving an answer to the complaint is 'akin to a frivolousness review' under 28 U.S.C. § 1915(e)[.]" *See, e.g.*, *Cobb v. Kendall*, No. 3:22-CV-1867-B-BH, 2022 WL 4538310, at *1 (N.D. Tex. Aug. 31, 2022). Under this standard, a complaint is frivolous when it "lacks an arguable basis in law or fact." *Id.* (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). As explained in *Defendant's Motion to Dismiss Plaintiff's Claim and Brief in Support* ("MTD") filed in this cause, as well as the *Findings, Conclusions, and Recommendations of the United States Magistrate Judge* [ECF No. 13] in Plaintiff's duplicative lawsuit ("Findings"), Plaintiff's *Complaint* meets this standard because it fails to allege any facts demonstrating she was treated worse than a similarly situated employee

---

[3] Defendant notes that in her lawsuit alleging substantially the same underlying facts, the Court granted Plaintiff leave to proceed *in forma pauperis*. *See Order Granting Leave to Proceed in Forma Pauperis*, ECF No. 6, Civil Action No. 3:22-cv-02188-D-BN. Although not sworn or otherwise supported by any evidence, Defendant has no reason to dispute Plaintiff's recitation of her efforts to secure counsel. *See Motion* at 2-3.

outside her protected class. *See Findings* at 4-5 (observing Plaintiff's failure to "provide factual content to show that she was treated worse than an employee who exhibited similar shortcomings, to raise an inference that the disparate treatment . . . was because of a protected status"); *MTD* at 3-4. Considering the fundamental flaws in Plaintiff's *Complaint*, appointment of counsel would be inappropriate.

## II.
## CONCLUSION

The Court should deny Plaintiff's *Motion* and grant any further relief to which the Court finds Defendant is justly entitled.

Respectfully Submitted,

 /s/ Brent Sedge
Stephen J. Roppolo
Texas Bar No. 00797939
Brent Sedge
Texas Bar No. 24082120
FISHER & PHILLIPS LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*sroppolo@fisherphillips.com*
*bsedge@fisherphillips.com*

**ATTORNEYS FOR DEFENDANT
ADT LLC**

## CERTIFICATE OF SERVICE

In accordance with FED. R. CIV. P. 5(b), I certify that I filed *Defendant's Response to Plaintiff's Motion to Remand* won July 6, 2023, using the Court's Electronic Case Filing system. I further certify that I served *Defendant's Response to Plaintiff's Motion to Remand* on July 6, 2023, **via first-class mail** on:

Sonya Chapman
1533 Honey Trail,
Glenn Heights, Texas 75154
**Plaintiff (*Pro se*)**

 /s/ Brent Sedge
Brent Sedge